# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

CHARLENE ALLAIRE,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 18-CV-60-LRR

**ORDER**

*I.    INTRODUCTION……………………………………………………………1*

*II.   RELEVANT PROCEDURAL HISTORY……………………………………1*

*III.  STANDARD OF REVIEW…………………………………………………2*

    *A.    Review of Final Decision………………………………………………2*
    *B.    Review of Report and Recommendation………………………………3*

*IV.  OBJECTIONS………………………………………………………………4*

    *A.    Dr. Lancaster's Opinions………………………………………………5*
    *B.    Reversal or Remand……………………………………………………9*

*V.   CONCLUSION…………………………………………………………10*

## I. INTRODUCTION

The matter before the court is Defendant Commissioner of Social Security's ("Commissioner") Objections (docket no. 18) to United States Chief Magistrate Judge Kelly K.E. Mahoney's Report and Recommendation (docket no. 17), which recommends that the court reverse the Commissioner's final decision to deny disability benefits to Allaire, and remand for an award of benefits.

## II. RELEVANT PROCEDURAL HISTORY

On May 25, 2018, Allaire filed a Complaint (docket no. 1), seeking judicial review of the Commissioner's final decision denying Allaire's applications for Title II disability

insurance benefits and Title XVI supplemental security income ("SSI") benefits. On August 13, 2018, the Commissioner filed an Answer (docket no. 5). On November 26, 2018, Allaire filed the Plaintiff's Brief (docket no. 12). On December 20, 2018, the Commissioner filed the Defendant's Brief (docket no. 14). On December 31, 2018, Allaire filed the Reply Brief (docket no. 15). On January 2, 2019, the matter was referred to Judge Mahoney for issuance of a report and recommendation. On July 18, 2019, Judge Mahoney issued the Report and Recommendation. On July 23, 2019, the Commissioner filed the Objections. On August 6, 2019, Allaire filed a Response to the Objections (docket no. 19). The matter is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

### A. *Review of Final Decision*

The Commissioner's final determination not to award disability insurance benefits is subject to judicial review. *See* 42 U.S.C. § 405(g). The court has the power to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." *Id*. The Commissioner's factual findings shall be conclusive "if supported by substantial evidence." *Id*. The Commissioner's final determination not to award SSI benefits is subject to judicial review to the same extent as provided in 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3). "The court 'must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.'" *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014) (quoting *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006)). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Fentress v. Berryhill*, 854 F.3d 1016, 1019-20 (8th Cir. 2017) (quoting *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007)).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [administrative law judge ("ALJ")], but

[it] do[es] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers "both evidence that detracts from the Commissioner's decision, as well as evidence that supports it." *Fentress*, 854 F.3d at 1020; *see also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (providing that review of the Commissioner's decision "extends beyond examining the record to find substantial evidence in support of the [Commissioner's] decision" and noting that the court must also "consider evidence in the record that fairly detracts from that decision"). The Eighth Circuit Court of Appeals explained this standard as follows:

> This standard is "something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal."

*Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)). The court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). "An ALJ's decision is not outside the zone of choice simply because [the court] might have reached a different conclusion had [the court] been the initial finder of fact." *Id*. (quoting *Bradley*, 528 F.3d at 1115). Therefore, "even if inconsistent conclusions may be drawn from the evidence, the [Commissioner's] decision will be upheld if it is supported by substantial evidence on the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *see also Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016) (providing that a court "may not reverse simply because [it] would have reached a different conclusion than the [Commissioner] or because substantial evidence supports a contrary conclusion").

### B. *Review of Report and Recommendation*

The standard of review to be applied by the court to a report and recommendation

of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party properly objects to a report and recommendation on a dispositive motion, a district court must review de novo the magistrate judge's recommendation). The Eighth Circuit has repeatedly held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to object to any portion of a magistrate judge's report and recommendation, he or she waives the right to de novo review. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994). The United States Supreme Court has stated that "[t]here is no indication that Congress, in enacting § 636(b)(1)[ ], intended to require a district judge to review a magistrate's report to which no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 152 (1985). However, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under de novo or any other standard." *Id*. at 154.

## IV. OBJECTIONS

In the Objections, the Commissioner argues that Judge Mahoney erred in finding that the ALJ failed to properly weigh Dr. Lancaster's opinions. *See generally* Objections

at 2-7. After conducting a de novo review of the objected-to portions of the Report and Recommendation and the Administrative Record ("AR") (docket nos. 6-1 through 6-15, 7-1 through 7-11), the court shall overrule the Objections.

## A. *Dr. Lancaster's Opinions*

The Commissioner asserts that "[t]he ALJ properly assigned little weight to Dr. Lancaster's August 2015 and May 2017 [Physical Medical Source Statement] opinions." Objections at 2. In the August 2015 Physical Medical Source Statement, Dr. Lancaster opined that Allaire: (1) is capable of sitting more than two hours before needing to stand; (2) is capable of standing or walking fifteen minutes before needing to sit down; (3) could sit at least six hours and stand less than two hours in an eight-hour workday; (4) would need "frequent" unscheduled work breaks during an eight-hour workday, with the unscheduled breaks lasting "minutes to hours"; (5) could occasionally lift ten pounds or less; (6) would have difficulty with attention and concentration from her symptoms that would be severe enough to disrupt her ability to perform even simple tasks twenty-five percent of the workday; (7) could rarely twist, stoop, bend, crouch, squat, climb stairs and climb ladders; and (8) would miss four or more days of work per month due to her impairments or treatment for her impairments. *See* AR 1172-74.

In the May 2017 Physical Medical Source Statement, Dr. Lancaster opined that Allaire: (1) is capable of sitting two hours before needing to stand; (2) is capable of standing or walking fifteen minutes before needing to sit down; (3) could sit about four hours and stand less than two hours total in an eight-hour workday; (4) would need one to three unscheduled daily work breaks, lasting an "unpredictable" amount of time; (5) could occasionally lift ten pounds or less; (6) could occasionally twist; could rarely stoop, bend, crouch, squat, and climb stairs; and could never climb ladders; (7) would have interference in attention and concentration from her symptoms that would be severe enough to disrupt her ability to perform even simple tasks twenty-five percent of the workday; and (8) would

5

miss four or more days of work per month due to her impairments or treatment for her impairments. *See* AR 2103-06. Dr. Lancaster also opined that Allaire's "[p]ain and dizziness, as well as headaches, limit [her] ability to function consistently in a competitive workplace." *Id*. at 2105.

The Commissioner argues that, "[c]ontrary to [Judge Mahoney's] assertion, the ALJ did not discount Dr. Lancaster's opinions because they were inconsistent with a single treatment note dated November 2015." Objections at 2. The Commissioner maintains that the ALJ determined that "Dr. Lancaster's opinions [were] inconsistent with the record as a whole, including his own treatment notes." *Id*. In the Objections, the Commissioner points out several places in the record and in the ALJ's recitation of Allaire's medical history, where Dr. Lancaster's treatment notes had "largely unremarkable findings," implying inconsistencies with Dr. Lancaster's Physical Medical Source Statements. *See generally* Objections at 2-3. Further, in the Objections, the Commissioner also points out various places in the record and in Dr. Lancaster's treatment notes where Dr. Lancaster indicated that Allaire's symptoms were under control. *See generally* Objections at 3-6. The Commissioner concludes that Judge Mahoney erred in determining that, "because the ALJ did not provide good reasons for discounting Dr. Lancaster's opinoins," this matter should be reversed and remanded for an award of benefits. Objections at 7.

"The opinion of a treating physician is generally afforded 'controlling weight if that opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Chesser v. Berryhill*, 858 F.3d 1161, 1164 (8th Cir. 2017) (quoting *Wildman*, 596 F.3d at 964). "Although a treating physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as a whole." *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). The ALJ may discount or disregard a treating physician's opinion if other medical assessments are supported by superior medical

6

evidence, or if the treating physician has offered inconsistent opinions. *See Hamilton v. Astrue*, 518 F.3d 607, 610 (8th Cir. 2008). When an ALJ discounts a treating physician's opinion, he or she "must 'give good reasons' for doing so." *Chesser*, 858 F.3d at 1164 (quoting *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012)). "Good reasons for assigning lesser weight to the opinion of a treating source exist where 'the treating physician's opinions are themselves inconsistent,' *Cruze* [*v. Chater*], 85 F.3d [1320,] 1325 [(8th Cir. 1996)], or where 'other medical assessments are supported by better or more thorough medical evidence,' *Prosch* [*v. Apfel*], 201 F.3d [1010,] 1012 [(8th Cir. 2000)]." *Id*.

Further, an ALJ "has a duty to fully and fairly develop the evidentiary record." *Byes v. Astrue*, 687 F.3d 913, 915-16 (8th Cir. 2012); *see also Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) ("A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record."). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008).

In the decision, the ALJ addressed Dr. Lancaster's August 2015 opinion as follows:

> Dr. Lancaster's assessment is given little weight as it is inconsistent with the record as a whole including his own treatment records. For instance, [Allaire] had minimal treatment around the time of [Dr. Lancaster's] assessment. He did see her a few months after the assessment and his objective exam at the time revealed mild tenderness over the lower lumbar spine and a negative straight leg raise bilaterally (Ex. 32F/26). Those findings are not supportive of his assessed limitations. As fully discussed above, Dr. Lancaster's assessment is not fully supported by the evidence of record.

AR 28. The ALJ also addressed Dr. Lancaster's May 2017 opinion:

> Again, I give [Dr. Lancaster's] assessment little weight for the reasons previously stated. Additionally, the most recent

7

> objective records revealed minimal to no objective findings of pain. For instance, in December 2016, Dr. Lancaster opined that her fibromyalgia seemed to be well-controlled.

AR 29.

In reviewing the ALJ's decision, the court bears in mind that an ALJ has a duty to develop the record fully and fairly. *Byes*, 687 F.3d at 915-16. Because an administrative hearing is a non-adversarial proceeding, the ALJ must develop the record fully and fairly in order that "'deserving claimants who apply for benefits receive justice.'" *Wilcutts v. Apfel*, 143 F.3d 1134, 1138 (8th Cir. 1998) (quoting *Battles v. Shalala*, 36 F.3d 43, 44 (8th Cir. 1994)). Furthermore, if an ALJ rejects the opinions of a treating or examining physician, the regulations require that the ALJ give "good reasons" for rejecting those opinions. *See Chesser*, 858 F.3d at 1164.

The court finds that the ALJ has not fully met these requirements. In the Report and Recommendation, Judge Mahoney thoroughly reviewed Dr. Lancaster's opinions and treatment notes and points to a plethora of evidence in the record that is contrary to the ALJ's finding that Dr. Lancaster's opinions are due "little weight." *See generally* Report and Recommendation at 14-23. In particular, Judge Mahoney points out that Dr. Lancaster's opinions are greatly informed by Allaire's difficulties with dizziness and headaches. *See id*. at 15-22. The ALJ, however, does not address Dr. Lancaster's findings associated with Allaire's dizziness or headaches. Further, Judge Mahoney also points out that Dr. Lancaster referred Allaire to the Mayo clinic for treatment of her symptoms, but the ALJ also failed address this information in assessing Dr. Lancaster's opinions. *See id*. at 16-18, 20-22. The court does not overlook the Commissioner's argument that there is evidence in the record that would support the ALJ's assessment of Dr. Lancaster's opinions, but given the extensive record in this case, and the ALJ's meager explanation for granting Dr. Lancaster's opinions "little weight," the court finds that the ALJ failed to give "good reasons" for rejecting the opinions of Dr. Lancaster. *See*

*Tilley v. Astrue*, 580 F.3d 675, 680 (8th Cir. 2009) ("The regulations require the ALJ to 'always give good reasons' for the weight afforded to the treating source's opinion."). Further, the court finds that the ALJ failed in her duty to fully and fairly develop the record with regard to Dr. Lancaster's opinions. Therefore, the court determines that this matter should be remanded for further consideration of Dr. Lancaster's opinions. Accordingly, the court shall overrule the Commissioner's objections.

### B. Reversal or Remand

The scope of review of the Commissioner's final decision is set forth in 42 U.S.C. § 405(g) which provides in pertinent part:

> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g). The Eighth Circuit Court of Appeals has stated that:

> Where the total record is overwhelmingly in support of a finding of disability and the claimant has demonstrated his [or her] disability by medical evidence on the record as a whole, we find no need to remand.

*Gavin v. Heckler*, 811 F.2d 1195, 1201 (8th Cir. 1987); *see also Beeler v. Brown*, 833 F.2d 124, 127 (8th Cir. 1987) (finding reversal of denial of benefits was proper where "the total record overwhelmingly supports a finding of disability"); *Stephens v. Sec'y of Health, Educ., & Welfare*, 603 F.2d 36, 42 (8th Cir. 1979) (explaining that reversal of denial of benefits is justified where no substantial evidence exists to support a finding that the claimant is not disabled). In the present case, contrary to Judge Mahoney's recommendation to reverse and remand for an award of benefits, *see* Report and Recommendation at 23-24, the court finds that the medical records as a whole do not "overwhelmingly support a finding of disability." *Beeler*, 833 F.2d at 127. Instead, the ALJ simply failed to properly address and fully and fairly develop the record with regard

9

to the opinions of Dr. Lancaster. Accordingly, remand for further consideration of Dr. Lancaster's opinions is appropriate. On remand, the ALJ must provide clear reasons for accepting or rejecting Dr. Lancaster's opinions and support those reasons with evidence from the record.

## V. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1) The Objections (docket no. 18) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 17) is **ADOPTED IN PART** and **MODIFIED IN PART**;

(3) The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

**DATED** this 5th day of September, 2019.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA